UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**CLARA JACKSON**                                        **CIVIL ACTION NO. 09-0503**

**VERSUS**                                               **JUDGE DOHERTY**

**OUTBACK STEAKHOUSE,**                                  **MAGISTRATE JUDGE METHVIN**
**OS RESTAURANT SERVICES, INC.**

*REPORT AND RECOMMENDATION ON*
*DEFENDANT OUTBACK STEAKHOUSE'S MOTION TO*
*DISMISS PURSUANT TO RULE 12(B)(6)*
*(Rec. Doc. 8)*

Before the court is defendant's motion to dismiss plaintiff's complaint.[1] The motion is unopposed.

*Background and Argument*

Plaintiff filed suit, *pro se*, in federal court on April 1, 2009. In her Complaint, she alleged defendant Outback discriminated against her on the basis of pregnancy and race, in violation of Title VII of the Civil Rights Act of 1964, as follows:

> Outback Steakhouse. . . has caused me emotional, mental, and discriminating abuse during my pregnancy. I was subjected to verbal abuse after falling in the restaurant by Miss Shannon. . .white manager. After complaining about the verbal abuse, Miss Shannon wouldn't talk to me, she made grimacing faces and snarled at me which caused me to resign. . . Miss Shannon continued talking in a rough and abusive manner saying that the food and water (garbage at this point) that was on my clothing was no more

---

[1] The plaintiff named Outback Steakhouse as the defendant. However, defendant has responded that plaintiff was actually employed by OS Restaurant Services, Inc. and leased to the Outback Steakhouse restaurant in Lafayette, Louisiana. However, for simplicity, defendant will be referred to throughout this motion as "Outback."

2

contaminated with bacteria than the filt [sic] in the water during Katrina in New Orleans.[2]

Plaintiff complains whites from New Orleans were not subjected to abusive treatment. She further complains Miss Shannon retaliated against her by threatening to fire her without cause.

Plaintiff attached the following documents to her complaint: 1) her Dismissal and Notice of Rights letter from the U.S. Equal Employment Commission (EEOC), dated December 30, 2008, in which the EEOC stated she must filed her lawsuit within 90 days of the receipt of the notice; 2) a letter dated January 15, 2009, from attorney James L. Arruebarrena, referencing plaintiff's "Letter dated 12/31/2008 regarding your civil rights case," declining representation, and advising of the 90 calendar day deadline from receipt of the EEOC notice within which to file a claim in federal court; 3) a letter from Acadiana Legal Services Corporation, dated March 9, 2009, advising plaintiff of their inability to represent her; 4) a letter from attorney Patrick Kee, dated March 19, 2009, also declining representation, and stating "[w]e have not made any determinations regarding the date in which suit must be filed, but you indicated that the deadline was March 31, 2009"[3]; 5) and, a letter dated March 23, 2009, from attorney James Wattigny, declining representation, and advising plaintiff to "act on the matter immediately, as the deadline for appeal is near." Plaintiff filed her complaint on April 1, 2009.

---

[2]*Complaint* (rec. doc. 1).

[3]EEOC letter (rec. doc. 1-2), pgs. 2, 3.

In its motion to dismiss, defendant argues plaintiff's suit must be dismissed as untimely filed. Defendant argues plaintiff received the EEOC letter no later than December 31, 2008, as evidenced by her letter of the same date to attorney James Arruebarrena: "Jackson would have no reason to correspond with attorney James Arruebarrena on December 31, 2008, if she had not received her Notice of Rights from EEOC that day."[4] Moreover, defendant argues, plaintiff was well aware that March 31, 2009, was the deadline for filing suit, as attorney Kee stated in his letter to plaintiff that "you indicated that the deadline was March 31, 2009."[5] Thus, defendant argues, plaintiff's suit was filed one day late, and she is not entitled to equitable tolling of the limitations period.

Furthermore, defendant argues, any claims made under Louisiana law must also be dismissed as untimely. Defendant states that in her charge of discrimination to the EEOC, alleges she was forced to resign from her employment, and the last date of discrimination was August 5, 2007. Thus, defendant argues, even under the 18 month time period available for filing under the Louisiana Employment Discrimination Law's statute of limitations, the period for filing expired on February 5, 2009, nearly two months prior to the filing of plaintiff's lawsuit on April 1, 2009.

---

[4]*Defendant Outback Steakhouse's Memorandum in Support of Its Motion to Dismiss Pursuant to Rule 12(b)(6)* (rec. doc. 8-2), p. 4.

[5]*Ibid.*, p. 3, referencing letter from attorney Patrick Wade Kee to plaintiff (rec. doc. 1-2), p. 8.

4

### *Applicable Law and Discussion*

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2007), quoting Martin K. Eby Constr. Co. Inc. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir.2004)(internal quotations omitted). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Breaches Litig., 495 F.3d at 205, quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Plaintiff has not filed any opposition to the motion to dismiss. Plaintiff is proceeding *pro se*, and while liberal interpretation of a plaintiff's *pro se* pleadings is consistent with case law, the undersigned finds the plaintiff's lawsuit was untimely filed.

As a preliminary matter, in considering a motion to dismiss, "a district court must limit itself to the contents of the pleadings, including attachments thereto." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000), citing Fed.R.Civ.P. 12(b)(6). Additionally, "'document[s] that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" Id. at 498-99, citing Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).

5

Plaintiff attached to her Complaint various documents, including the EEOC right to sue letter and the letters from various attorneys, and defendant attached the EEOC charge to its motion to dismiss.  Therefore, the undersigned will look to the attachments incorporated into plaintiff's Complaint and the EEOC charge attached to defendant's motion to dismiss to determine whether the Complaint was timely filed.

42 U.S.C. § 2000e-5(f)(1) provides that a civil action must be commenced within ninety days after the charging party has received a right-to-sue letter from the EEOC or state or local agency.  Dao v. Auchan Hypermarket, 96 F.3d 787 (5th Cir. 1996).

Plaintiff filed this lawsuit on April 1, 2009.  According to defendant, plaintiff must have received her right to sue letter no later than December 31, 2008, as plaintiff wrote a letter to an attorney seeking representation on that date.  Plaintiff has presented no evidence or argument to the contrary, and the undersigned finds plaintiff received her right to sue letter no later than December 31, 2008.

The Fifth Circuit has determined that the ninety-day period commences "on the date that notice is received at the address supplied to the EEOC by the claimant." Espinoza v. Missouri Pacific R. Co., 754 F.2d 1247, 1249 (5th Cir. 1985). In computing this ninety-day limitations period, the first day is omitted and the last day is counted. Prophet v. Armco Steel, Inc., 575 F.2d 579, 580 n. 1 (5th Cir.1978).  F.R.C.P. Rule 6 also provides that the day of the event from which the designated period of time begins to run

6

shall not be included, and the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday.

According to these rules, plaintiff had from January 1, 2009, through March 31, 2009, to timely file her complaint in federal court. However, plaintiff's complaint was filed on April 1, 2009. The 90 day filing period has been strictly enforced by the Fifth Circuit, subject to equitable tolling. See Espinoza v. Missouri Pac. R. Co., 754 F.2d 1247, 1250 (5th Cir. 1985). Therefore, the undersigned finds plaintiff's complaint was untimely filed.[6]

Furthermore, plaintiff has not demonstrated that equitable tolling is warranted in this case. "Equitable tolling of a statute of limitations is to be applied sparingly by federal courts, and courts have been generally unforgiving when a late filing is due to claimant's failure to exercise due diligence in preserving his or her legal rights." Lee v. Henderson, 75 F.Supp.2d 591, 594 (E.D.Tex. 1999)(citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96. 111 S.Ct. 453, 458-59 (1990); Rowe v. Sullivan, 967 F.2d 186, 192 (5th Cir.1992)). There are several circumstances that have been held to justify equitable tolling:

---

[6]While defendant argues plaintiff's state law claims are untimely filed, plaintiff does not appear to have advanced any state law claims. Furthermore, it is unclear, from the EEOC charge of discrimination, exactly when plaintiff was forced to resign. That is, it is not clear whether the latest date of discrimination reported, on August 5, 2007, was Jackson's resignation date. Therefore, the undersigned recommends that any state law claims, to the extent made, be dismissed without prejudice.

7

> (1) where notice from the EEOC does not adequately inform plaintiff of the requirement that suit be commenced within the statutory period; (2) where a motion for appointment of counsel is pending; (3) where the court itself has led plaintiff to believe that she has satisfied all statutory prerequisites to suit; and (4) where the defendant has, through affirmative misconduct, lulled the plaintiff into inaction.
>
> Espinoza v. Missouri Pacific R. Co., 754 F.2d 1247, 1251 (5th Cir.1985).

None of these circumstances is present in this matter. The EEOC notice clearly informed plaintiff of the requirement that she timely file suit, and she contacted several attorneys who also advised her of same. Moreover, in the correspondence from attorney Patrick Kee, Kee wrote that plaintiff herself understood the filing deadline to be March 31, 2009. There is no indication that representation was pending, and no evidence of any action by the court or defendant that mislead plaintiff regarding the time period within which suit must be filed. Thus, the undersigned finds equitable tolling inapplicable.

*Conclusion and Recommendation*

For the reasons given above,

**IT IS RECOMMENDED** that Defendant Outback Steakhouse's Motion to Dismiss Pursuant to Rule 12(b)(6) [Rec Doc. 8] be **GRANTED** as follows:

1) Plaintiff's federal law claims be **DISMISSED WITH PREJUDICE**;

2) Plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party

8

may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir.  1996).**

November 12, 2009, Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE